## 7940

### STATE v. WILLIAMS.

WITNESS—CONTRADICTION.—On trial for arson, that defendant, a woman, was at one time arrested in another city dressed in men's clothes, carrying a basket with splinters, oil and matches, the time not being connected with the crime for which she was being tried, is collateral and it is improper to contradict as to it.

Before DeVore, J., Richland, Summer term, 1910. Reversed.

Indictment against Henrietta Williams. Defendant appeals.

*Messrs. DePass & DePass,* for appellant, cite: *Answer of a witness on a collateral issue cannot be contradicted:* Green. Ev., sec. 449; 2 Bail. 127, 473; 2 Wigmore, sec. 1020; 19 S. C. 134; 33 S. C. 592.

*Solicitor W. Hampton Cobb,* contra.

July 5, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted of arson at the summer term of the Court of General Sessions for Richland county.

The sole question made by the appeal is whether there was reversible error on the trial in allowing the defendant to be contradicted on a collateral matter. On the cross-examination of the defendant the solicitor asked this question: "Weren't you arrested in Spartanburg with a basket of splinters and a bottle of kerosene oil on your arm, and dressed in man's clothes, and when you were confronted you said you were a man, and denied you were a woman until you were arrested and carried before the police authorities, and they threatened to strip you?" and the

defendant answered, "It was not me." In contradiction of the defendant on this point the solicitor was allowed, over the objection of defendant's counsel, to elicit from the housekeeper of the police station at Spartanburg the following testimony as to defendant's appearance at the police station in that city: "She was dressed in men's clothes, had on a man's hat, had a basket, one of these market baskets, had a bundle of pine splinters that size tied up with a string, and a quart bottle about two-thirds of kerosene, and a box of matches half full, covered up with a skirt or waist over them, and several little things in the bundle of roots."

That the issue thus made was collateral is evident. The reasons for excluding contradictions of a defendant on such an issue are thus stated by Mr. Justice McIver in *State* v. *Wyse*, 33 S. C. 582, 12 S. E. 556: "This well settled rule is founded upon two reasons—first, that while a witness is supposed to be always ready to support his general character, he cannot be expected to be always ready to defend or explain all of his past acts; and hence the rule that in impeaching the character of a witness, the testimony must be confined to evidence of his general character, and it is not competent to prove particular facts affecting his character. Second, because the admission of such testimony would tend to multiply the issues and thus confuse the jury."

The contradiction on this collateral matter was highly prejudicial to the defendant, standing her trial on the charge of arson. It amounted to evidence that at an entirely different time and place she was found in disguise with splinters, matches and oil concealed in a basket. The time and place were too distant to indicate that the preparation attributed to the defendant was for the burning charged in the indictment, or was connected with it. Such evidence could not fail to have weight with the jury as indicative of the character of the defendant. She had no

notice that she would be required to disprove or explain the disguise and other preparation to which the contradiction related, and it was, therefore, contrary to the rules of evidence that such an issue should be brought into the trial.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for a new trial.